UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAMIAN WIRTH,**<br><br>             Plaintiff,<br>-vs-<br><br>**MERCANTILE ADJUSTMENT BUREAU, LLC,**<br><br>             Defendant. | *Civil Action No.* _____ |

### COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Wirth brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which makes deceptive, abusive and unfair collection practices unlawful.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendants transact business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Damian Wirth is a natural person residing in the County of Livingston, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC, (hereinafter "Mercantile") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendants hereinafter alleged were performed by Defendants' employees, while under the scope of the Defendants' actual or apparent authority.

1

**FACTUAL ALLEGATIONS**

7. That Plaintiff Wirth allegedly incurred and later allegedly defaulted on a debt to Bank of America. Said debt will hereinafter be referred to as "the subject debt."

8. That the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

9. That upon information and belief, Bank of America thereafter employed Defendant Mercantile to attempt to collect payment for the alleged debt.

10. That on October 22, 2009, Defendant Mercantile called and left a message on Plaintiff Wirth's voicemail, stating the following:

    > **Good day, Damian. Mike Lawrence. Ahh…I don't know if you're still over at Pioneer but I have a couple of buddies that are going to look tomorrow for me. You remember Chris Russo. Ahh…Anyway, eh, I'm trying to work this business matter out with you—I have requested full complete employment, tax records, property records, employment-property search. Damian, I don't know what took place. I'd rather work this out with you, as stated, but at this point you are making it very difficult. 866-716-1545, extension 8256. Again, (garbled).**

11. That at no time during the aforementioned message did Defendant provide Plaintiff Wirth with the notices required by 15 U.S.C. §1692e(11).

12. That Defendant's aforementioned message also failed to provide Plaintiff Wirth with meaningful disclosure of Defendant's identity, as required by 15 U.S.C. §1692d(6).

13. That upon hearing the message detailed in Paragraph 10 above, Plaintiff Wirth became very worried that Defendant Mercantile would be contacting his former employer ("Pioneer") for some unspecified, yet unlawful and/or inappropriate reason.

14. That despite the Defendant's representations, said message was the first attempted communication that Plaintiff was aware of, and Plaintiff Wirth does not have any knowledge of a person by the name "Chris Russo." Additionally, Plaintiff took Mr. Lawrence's representations regarding "full complete employment, tax records, property records, employment-property search," as meaning that Defendant somehow obtained a judgment against him without his knowledge and was now looking to seize his property and/or garnish his wages.

15. That shortly after receipt of the aforesaid message, Plaintiff Wirth called the telephone number provided by Defendant and spoke with Mr. Lawrence. During the telephone conversation that ensued, Defendant repeatedly belittled and criticized Plaintiff Wirth for non-payment of the alleged debt, declaring that Plaintiff was "less of a man" for not paying and stating that Mr. Lawrence has always paid his bills, even though he had "been through a divorce."

16. That as the aforementioned telephone conversation ensued, Mr. Lawrence continued to belittle Plaintiff Wirth and in fact began antagonizing him, stating, "If you have a problem with me, you can drive up the [New York State Route] 400 and meet me at my office."

17. That Mr. Lawrence's aforementioned statement was meant to (and did) incite anger and otherwise abuse Plaintiff, and implicitly indicated to him that Defendant was aware of his address and location with relation to Mercantile's office.

18. That following the conclusion of the aforementioned telephone conversation with Mr. Lawrence, Plaintiff Wirth faxed a "cease and desist" letter to Defendant in order to prevent any further communications from taking place.

19. That Plaintiff Wirth found Defendant's conduct and statements to be deceptive, threatening and abusive. As a result, Plaintiff Wirth became extremely upset, anxious, embarrassed and otherwise suffered from emotional distress.

### FDCPA VIOLATIONS

20. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

21. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. 1692f by using unfair collection tactics and/or language the natural consequence of which was to abuse the Plaintiff:

    a. By saying, "I don't know if you're still over at Pioneer but I have a couple of buddies that are going to look tomorrow for me."

    b. By telling Plaintiff, "I'm trying to work this business matter out with you—I have requested full complete employment, tax records, property records, employment-property search. Damian, I don't know what took place. I'd rather work this out with you, as stated, but at this point you are making it very difficult."

    c. By repeatedly belittling and criticizing Plaintiff Wirth for non-payment of the alleged debt.

    d. By declaring that Plaintiff was "less of a man" for not paying the alleged debt.

    e. By [Mr. Lawrence] stating that he has always paid his bills, even though he had "been through a divorce." And,

    f. By telling Plaintiff, "If you have a problem with me, you can drive up the [New York State Route] 400 and meet me at my office."

22. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by failing to provide Plaintiff Wirth with meaningful disclosure of the Defendant's identity in its message, described in Paragraph 10 above.

23. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, misleading and/or deceptive representations or means in an attempt to collect the alleged subject debt:

    a. By threatening to contact Plaintiff's [former] employer.

    b. By attempting to make it appear as though Plaintiff Wirth had been contacted by Defendant prior to Mr. Lawrence's October 22nd voicemail.

    c. By leading Plaintiff to believe that Defendant was using legal avenues to attempt to collect the subject debt by stating, "I have requested full complete employment, tax records, property records, employment-property search." And,

    d. By making it appear as though Defendant knew the same people as Plaintiff at his [former] employer.

24. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to disclose in its initial communication with Plaintiff Wirth that the Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

25. Defendant violated 15 U.S.C.§1692g(a) by failing to provide Plaintiff with written notice of the subject debt and his rights as a "consumer."

26. That as a result of Defendant's abusive, deceptive and unfair conduct, Plaintiff Wirth became very upset, anxious, nervous, embarrassed, angered and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Wirth respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Damian Wirth demands a trial by jury in this action.

Date: December 16, 2009

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520